FILED
June 10, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003555853

3
RANDELL PARKER
CHAPTER 7 TRUSTEE
3820 Herring Road
Arvin, CA  93203
(661)854-1503

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In the Matter of:                               Case No. 11-13487-B
                                                Chapter 7

                                                RP-1

**Tom Luke Loyd**

**Marianne Loyd**
                                                Date: July 14, 2011
                                                Time: 10:00 a.m.
                Debtor(s)                       Place: United States Bankruptcy Court
                                                       1300 18th Street, Suite A
                                                       Bakersfield, CA
                                        /       Judge: Honorable W. Richard Lee

## MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL PERSONAL PROPERTY AT PUBLIC AUCTION

Randell Parker, Chapter 7 Trustee moves this court for an Order Authorizing Trustee to Sell Personal Property at Public Auction and represents as follows:

1. Tom Luke Loy and Marianne Loyd ("Debtors") filed a Voluntary Petition Under Chapter 7 on March 28, 2011. Randell Parker is the duly qualified, appointed and acting trustee in the case filed by Debtors.

2. The assets of the estate include, but are not limited to a '94 Harley Davidson Nostalgia and a '94 Harley Davidson Fat Boy. According to the Schedules of Assets and Liabilities filed by Debtors, the Personal Property is owned free and clear of liens.

3. The Trustee seeks authority to sell the Personal Property at a public auction on or about July 30, 2011, at 10:00 a.m., under 11 U.S.C. § 363(b)(1). The court has jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. § 363. This is a core matter under 28 U.S.C. § 157(b)(2)(A) and

(N). The Trustee believes that selling the Personal Property at public auction will yield the best price obtainable for the Personal Property under the circumstances of the Chapter 7 case filed by Debtors.

4. The Personal Property is currently located at the auction site, Gould Auction and Appraisal Company, 1731 Art Street, Bakersfield, CA.

5. In order to expedite the sale of the Personal Property the Trustee entered into an agreement with Jerry Gould of Gould Auction and Appraisal Company, to advertise and manage the auction ("Auctioneer").

6. According to the agreement between the Trustee and Auctioneer, the fees for professional services rendered by Gould Auction & Appraisal Company are as follows:

    a.    Auctioneer is to receive a commission of 15% (fifteen percent) on the gross proceeds from the sale of the personal property.

    b.    Buyer will be charged a $50.00 fee to cover Department of Motor Vehicle transfer of title expense. The fee will be paid directly to the Auctioneer.

    c.    Auctioneer's commission will be noticed in the Notice of Hearing on Motion for Order Authorizing Trustee to Sell Personal Property at Public Auction and creditors will be given the opportunity to object to said commission. If no objections are presented, the auctioneer will be paid by the Trustee from the proceeds of said auction within ten days of receipt of funds from the auctioneer.

    d.    Auctioneer will be paid $100.00 for hauling and storage of the Vehicles, however Auctioneer will bear the cost of all other ordinary expenses including, but not limited to, security, advertising, and other costs of sale. Auctioneer will be reimbursed for any extraordinary expenses, such as repair work deemed by the Trustee to be necessary and beneficial to the estate, in an amount not to exceed

$200.00. Auctioneer will be reimbursed for any extraordinary expenses in excess of $200.00 only after approval of the Court.

    e.      Auctioneer will be responsible for collecting and paying all sales tax in relation to this auction.

    f.      The Trustee has reviewed the $100,000.00 bond provided by the Auctioneer.

7. The Trustee believes that the sale of the Personal Property at a public auction is in the best interest of all parties concerned because (a) it allows the Personal Property to be shown to a wide variety of potential buyers, and (b) it allows the estate to find a buyer and complete the sale in a short period of time.

8. The details of the compensation of the Auctioneer will be subject to the terms and conditions set forth in the *Application for Order Authorizing Employment of Auctioneer to Conduct Public Auction.*

WHEREFORE, the Trustee prays that:

1. The *Motion for Order Authorizing Trustee to Sell Personal Property at Public Auction* filed by Randell Parker, Chapter 7 Trustee be granted;

2. He be authorized to sell the Personal Property at public auction pursuant to the terms and conditions set forth in the *Application for Order Authorizing Employment of Auctioneer to Conduct Public Auction;*

3. He be authorized to pay Gould Auction and Appraisal Company from the proceeds received from the auction sale; and

4. He be given such other relief as the Court deems just and proper.

**DATED: June 2, 2011**                               /s/ Randell Parker_____
                                                                     Randell Parker, Chapter 7 Trustee